UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

FERNANDO ALONSO,

                Petitioner,                         Case No. 1:26-cv-871

v.                                      Honorable Robert J. Jonker

UNKNOWN PARTY et al.,

                Respondents.
_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently

detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated

this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

(Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention

and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas

corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering

Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No.

1, PageID.5.)[1]

---

[1] Petitioner also filed a motion for an early bond hearing or, alternatively, immediate release (ECF
No. 2) and urgent motion for order of non-transfer, requesting that the Court enjoin Respondents
from transferring Petitioner during the pendency of this case (ECF No. 3). As set forth herein, the

In an order entered on March 20, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 6.) Respondents filed their response on March 25, 2026, (ECF No. 7.).

## II.    Factual Background

Petitioner is a native and citizen of Columbia. (Notice to Appear (NTA), ECF No. 7-1, PageID.79.) On or about June 8, 2022, Petitioner entered the United States on a B1/B2 visa as a nonimmigrant visitor for pleasure with authorization to remain in the country until December 7, 2022. (Pet., ECF No. 1, PageID.2; NTA, ECF No. 7-1, PageID.79.) Petitioner did not depart on December 7, 2022, and has remained in the United States since that time. (NTA, ECF No. 7-1, PageID.79.)

On March 2, 2026, ICE agents arrested Petitioner. (Pet., ECF No. 1, PageID.2.) The Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with removability under Immigration and Nationality Act (INA) "[s]ection 237(a)(1)(B) . . . [because he] ha[d] remained in the United States for a time longer than permitted." (NTA, ECF No. 7-1, PageID.79.) ICE then released Petitioner into the United States on his own recognizance. (*Id.*, PageID.51.) There is no indication in the record presently before the Court that any hearing in Immigration Court is scheduled for Petitioner.

---

Court will dismiss Petitioner's § 2241 petition without prejudice, which resolves the case. Therefore, Petitioner's request for release or expedited consideration of the proceedings, and that the Court to enjoin Respondents from taking certain actions during the pendency of the action are moot.

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Discussion

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted); *see, e.g.*, *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

As relief in this action, Petitioner contends that his detention "without a significant individualized assessment (flight risk/danger) and without adequate process" violates his right to due process. (Pet., ECF No. 1, PageID.3.) He asks for a bond hearing or, in the alternative, release. (*Id.*, PageID.5.) Respondents, through counsel, acknowledge that § 1226 governs Petitioner's present detention because he overstayed his visa after being lawfully admitted to the United States, and they concede that "Petitioner has a right to request a bond hearing after DHS's initial determination to deny bond and detain him." (Resp., ECF No. 7, PaegID.74.) There is no indication

3

in the record presently before the Court that Petitioner has requested a bond hearing under § 1226(a) in Immigration Court. In light of Respondents' concession that Petitioner has a right to request a bond hearing under § 1226(a), which is the relief that Petitioner seeks in this action, the Court will dismiss this action without prejudice.[2]

## V.    Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    April 1, 2026                                    /s/ Robert J. Jonker
                                                             Robert J. Jonker
                                                             United States District Judge

---

[2] If, when Petitioner requests a bond hearing in Immigration Court, Respondents do not in fact provide Petitioner with a § 1226(a) bond hearing where the Immigration Judge concludes that he or she has jurisdiction to consider the bond request, then Petitioner would be free to file a new § 2241 petition requesting that this Court order Respondents to provide Petitioner with a § 1226(a) bond hearing.